

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Jos. B. Dart
County Attorney
Kendall County
Boerne, Texas

Dear Sir:

Opinion No. O-3896
Re: Should the ex-officio salary
paid the county clerk in a
county which contains less
than 25,000 inhabitants be
considered in determining the
maximum annual salary of said
clerk under the fee statutes
of this State?

This will acknowledge receipt of your letter of
August 22, 1941, requesting an opinion of this department on
the question stated herein.

We quote from your letter as follows:

"I have been requested by the Commissioners'
Court to ask you for a ruling on the following
question: Should the ex-officio salary paid
the official (the County Clerk) be considered
fees of office in determining the annual income
and the official's status under the excess fees
of office law?

". . .

"The ex-officio salary of the County Clerk
of Kendall County was fixed at $1000.00 at the
first meeting in January and is payable in
monthly installments.

"Should the clerk take into account this
$1000.00 in arriving at his maximum of $2400.00
and include it in a total of his fees of office
and then after crediting himself with the
$1000.00 and earned fees up to amount of
$2400.00 style all the rest of the fees col-

Honorable Jos. B. Dart, Page 2

lected as excess fees and take his one-third therefrom; or should he credit his allowed $2400.00 only with the fees earned, and if this be insufficient to reach the $2400.00 then credit himself with so much of the ex-officio salary as may allow his maximum compensation from all sources to reach $3000.00, and make an adjustment with the county for any amount paid him in excess of $3000.00?

". . ."

Kendall County has a population of 5,080 inhabitants according to the 1940 Federal Census and the county officials of said county are compensated on a fee basis.

Articles 3883 and 3891, Vernon's Annotated Civil Statutes, permit a county clerk, in counties having a population of less than 20,000 inhabitants, to retain as compensation and excess fees the maximum sum of $3,000.00. Articles 3892 and 3932, Vernon's Annotated Civil Statutes, expressly authorize the Commissioners' Court, when, in their judgment, such compensation is necessary, to allow compensation for ex-officio services of the county clerk, provided such compensation shall not increase the compensation of the county clerk beyond the maximum amount of compensation and excess fees allowed to be retained by him under the preceding articles. These articles, we think, clearly authorize the Commissioners' Court to allow the clerk of the county court, in counties having a population of less than 20,000 inhabitants, compensation for exofficio services, provided such compensation, together with the fees retained by him under the preceding articles, does not amount to more than $3,000.00 per annum. (See the case of Anderson County v. Hopkins, 187 S. W. 1019.)

The last two paragraphs of Article 3891, Vernon's Annotated Civil Statutes, read as follows:

"The compensation, limitations and maximums herein fixed in this Act for officers shall include and apply to all officers mentioned herein in each and every county of this State, and it is hereby declared to be the intention of the Legislature that the provisions of this Act shall apply to each of said officers, and

Honorable Jos. B. Dart, Page 3

any special or general law inconsistent with
the provisions hereof is hereby expressly re-
pealed in so far as the same may be inconsist-
ent with this Act.

"The compensation, limitations and maxi-
mums herein fixed shall also apply to all fees
and compensation whatsoever collected by said
officers in their official capacity, whether
accountable as fees of office under the present
law, and any law, general or special, to the
contrary is hereby expressly repealed. The
only kind and character of compensation exempt
from the provisions of this Act shall be re-
wards received by Sheriffs for apprehension
of criminals or fugitives from justice and for
the recovery of stolen property, and moneys
received by County Judges and Justices of the
Peace for performing marriage ceremonies,
which sum shall not be accountable for and
not required to be reported as fees of office."

Article 3895, supra, specifically prohibits the Com-
missioners' Court from allowing compensation for ex-officio
services to county officials when the compensation and ex-
cess fees which they are allowed to retain shall reach the
maximum provided for by Articles 3883 and 3891, supra. The
only case where the Commissioners' Court is allowed to pro-
vide compensation for ex-officio services is when the com-
pensation and excess fees which the officers are allowed to
retain shall not reach the maximum provided for by Article
3883 and Article 3891. The phrase "all fees and compensa-
tion whatsoever collected by said officers in their official
capacity" embraces every kind of compensation allowed by law
to such officials, and unless excepted by some provision of
the statute, the exceptions are so definite that by impli-
cation all fees and compensation not mentioned in the ex-
ceptions are exclusive therefrom, and thereby included with-
in the requirements of the maximum fee statutes. (See the
case of Nichols v. Galveston County, 238 S. W. 347 and the
authorities cited therein.)

Your attention is also directed to Articles 3896,
3897 and 3899, Vernon's Annotated Civil Statutes, relative to

Honorable Jos. B. Dart, Page 4

sworn statements, keeping accounts and expense accounts regarding county officials compensated on a fee basis.

In answer to your inquiry, you are advised that it is the opinion of this department that the ex-officio compensation of the county clerk must be considered and accounted for in arriving at the maximum annual compensation of said clerk. The clerk shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover the cost of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified the same shall be deemed excess fees and the clerk is permitted to retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to $3,000.00. In other words, the county clerk is entitled to retain all the compensation allowed by Article 3883, together with the one-third excess fees allowed by Article 3891, until such one-third, together with the amount specified in Article 3883, amounts to $3,000.00 per annum. If the compensation allowed under Article 3883 and the excess fees allowed under Article 3891 do not reach the maximum of $3,000.00 per annum, the Commissioners' Court is authorized to pay the clerk an ex-officio compensation, provided such compensation, together with the fees retained by him under Articles 3883 and 3891, does not amount to more than $3,000.00. There can be no excess fees until the amount of $2,400.00 is reached and the deductions which are allowed by law are made. To illustrate, the county clerk cannot take $1,400.00 as fees under Article 3883 and then add the $1,000.00 ex-officio compensation to make a total of $2,400.00 and then say all fees coming into the office as are authorized by law are excess fees, and that he is entitled to one-third of the same. In short, before the clerk is entitled to any excess fees under Article 3891, he must first receive as fees the amount of $2,400.00 not including any part of the ex-officio compensation after making the legal deductions as allowed by law and after this amount has been reached then the clerk is entitled to one-third of such excess fees as provided by Article 3891 and as above stated if this does not reach the total maximum of

Honorable Jos. B. Dart, Page 5

$3,000.00 per annum, the Commissioners' Court may in its discretion legally allow an ex officio compensation provided such compensation, together with the fees retained under the above mentioned articles does not exceed $3,000.00 per annum.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

SEP 9, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:GO


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN